UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE MORROW, #203787,

        Petitioner,               Case No. 99-cv-10319

v.                                     Honorable Thomas L. Ludington

BARBARA BOCK,

        Respondent.

_____/

**ORDER TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION**

Petitioner Maurice Morrow, presently confined at Kinross Correctional Facility in Kincheloe, Michigan, has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). Petitioner was convicted in Macomb County Circuit Court of first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment for the murder conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Morrow*, No. 188081 (Mich. Ct. App. Nov. 4, 1997), and the Michigan Supreme Court denied leave to appeal. *See People v. Morrow*, No. 111822 (Mich. Sup. Ct. Feb. 2, 1999).

On August 5, 1999, Petitioner commenced this action by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254. As grounds for relief, he asserted the following: (1) the prosecutor (a) deliberately and erroneously solicited testimony that Petitioner previously was incarcerated for an unrelated offense and (b) offered evidence through a witness that he knew or

had reason to know would assert her Fifth Amendment right to remain silent; (2) the state trial court should have declared a mistrial and dismissed the charges with prejudice because the prosecutor's actions were intended to goad the petitioner into moving for a mistrial; (3) defense counsel was ineffective for failing to preserve Petitioner's prosecutorial misconduct claim; (4) the prosecutor expressed his personal belief about the validity of the charges during closing arguments; and (5) the jury was coerced into rendering a verdict by the press of time and a juror's personal problems.

On August 15, 2000, United States District Judge Victoria A. Roberts denied the habeas petition on the merits.[1] *See* ECF No. 24. Petitioner appealed Judge Roberts's decision, but the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *See Morrow v. Bock*, No. 00-2020 (6th Cir. Mar. 13, 2001).

Petitioner subsequently filed the pending motion for relief from judgment. Petitioner seeks "immediate release from unlawful imprisonment." Mot. for Relief from J. 6, ECF 41.

**I.**

Federal Rule of Civil Procedure 60(b) permits federal courts to relieve a party from a final judgment under a limited set of circumstances and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). As noted above, Petitioner seeks relief from judgment under Rule 60(b)(4), which authorizes courts to grant relief from judgment when the judgment is void. Petitioner argues that the state trial court's judgment was void because the state magistrate ordered Petitioner to stand mute at his arraignment and then entered a not guilty plea on Petitioner's behalf. Petitioner contends that the order to stand mute deprived him of his right to

---

[1] Although Judge Roberts determined that Petitioner's claim about the prosecutor's closing argument was procedurally defaulted, she also found that the claim lacked merit. Judge Roberts decided all of the remaining claims strictly on the merits.

question the magistrate about his performance. Petitioner also alleges that he was not represented by counsel at his arraignment. As a result of these alleged errors in state court, Petitioner maintains that Judge Roberts was powerless to affirm the state court's judgment.

## II.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court stated that, "[i]n some instances, a Rule 60(b) motion will contain one or more 'claims,'" and that "[a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id*. at 530-31. "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents [the statutory] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id*. at 531 (citing 28 U.S.C. § 2244(b)(2)).[2] Consequently, a federal court must determine whether a Rule 60(b) motion asserts a new claim or relies on either a new rule of constitutional law or newly discovered facts.

Petitioner alleges that his motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but the integrity of the district court's decision-making

---

[2] Section 2244(b)(2) reads:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

process." Mot. for Relief from J. 1, ECF No. 41. Although a motion that attacks "some defect in the integrity of the federal habeas proceedings" does not advance a "claim," *Gonzalez*, 545 U.S. at 532, Petitioner is not attacking a defect in the habeas proceeding. Instead, he is raising a new ground for relief based on what occurred at his arraignment in state court. As such, his motion advances a "claim" and qualifies as a second or successive habeas petition. *Id.*; *see also Loggins v. Hannigan*, 461 F. App'x 712, 713 (10th Cir. 2012) (stating that "[a] prisoner's post-judgment filing (however entitled) should be treated like a second or successive § 2254 application . . . if it asserts or reasserts claims of error in the prisoner's conviction"); *United States v. Estrada*, 162 F. App'x 359, 360 (5th Cir. 2006) (concluding that a federal prisoner's challenge to the constitutionality of his federal sentence under either Rule 60(b)(2) or 60(b)(4) was properly classified as an attempt to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255).

A petitioner who wishes to file a "second or successive" habeas corpus petition must ask "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[3] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner has not received

---

[3] This statute reads:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

28 U.S.C. § 1631.

- 5 -

permission from the Court of Appeals to file a second or successive habeas petition. His petition will be transferred to the Sixth Circuit in accordance with 28 U.S.C. § 1631.

**III.**

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** Petitioner's Motion for Relief from Judgment to the Sixth Circuit Court of Appeals for a determination of whether this Court may consider Petitioner's new claims concerning his arraignment in state court.


Dated: February 8, 2016                s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge


PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2016.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager